## Southern Insurance Co. v. Johnson.

(Decided November 2, 1910.)

### Appeal from Marshall Circuit Court.

1. New Trials—Default Judgment—Judicial Discretion—Furtherance of Justice—Laches.—The power of the court to set aside a default judgment at the term at which it is rendered is inherent, and not dependent on sections of the code regulating the granting of new trials. This power is not to be exercised capriciously or granted as a favor, or withheld as a rebuke for shortcoming in practice. It is exercised as a judicial discretion. It will not depend on whether the party applying can show himself strictly entitled to the legal relief under code provisions regulating the granting of new trials on ground of casualty or misfortune, but it will depend on whether the ends of justice will be furthered, and in a measure whether the party complaining has been guilty of laches, such as to close the ear of the court to his application.

2. Good Faith—Combination of Circumstances—Meritorious Defense. —Where it appears that appellant in good faith and without unnecessary delay, employed counsel preparatory to making its

defense, and the attorney was prevented by a combination of circumstances from attending the court at the first day of the term, not evincing carelessness or inattention nor. the assumption of more than was reasonably apparent he would be able to do, it was entitled to a new trial. The defense presented is meritorious.   If true, appellee had obtained a judgment by a mere slip for some $1,200.00 more than he was entitled to, and had obtained a judgment for a sum none of which was then due.

W. MIKE OLIVER for appellant.

No attorney for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellant issued to appellee upon sufficient expressed consideration a policy of insurance, whereby it indemnified appellee against loss or damage by fire upon a certain mill property not to exceed $1,500, or its value if less than $1,500, and loss and damages by fire to certain named articles of machinery in the building, not exceeding $1,500 in the aggregate.   It was stipulated in the contract of insurance that in the event of loss or damage to the property by fire the insurer was to be liable only to the extent its policy of insurance bore to the total insurance, and as to the personal property it was stipulated in addition that the indemnity was to cover only three-fourths of its value at the time of the loss, and in event of other insurance only its proportion of three-fourths of its value as compared to the total insurance. The policy recites that other insurance was allowed. During the term covered by the policy the insured property was destroyed by fire on February 3, 1908.  Suit was filed by appellee against appellant in the Marshall circuit court on May 18, 1908, just twenty days before the commencement of the next term of that court.  Summons was served on the Insurance Commissioner of Kentucky on May 19, 1908, who immediately transmitted the paper to the secretary of the company in New York.  W. M. Oliver, of Paducah, who also has an office and practice at Benton, in Marshal  county, was employed by the defendant to represent it in that case.  Oliver was employed on Saturday, June 6, 1908.   The Marshall court was to convene on the following Monday.  Oliver was at the time engaged in the trial of cases in the Mc-Cracken circuit court, which is in the same circuit, and was thereby detained so that he would not reach Benton

on Monday, though he had arranged his affairs as he thought so as to be able to be there on Monday afternoon. Learning about 2 o'clock p. m. on Monday that he could not get off that day he called Judge R. S. Shemwell, his partner at Benton, and advised him of the employment, and requested him to get the petition so that an answer could be prepared. The court had convened at Benton about nine o'clock on that morning, and the common law appearance docket had been called at about nine thirty. There being no appearance or defense in this case, a judgment was rendered by default for the full amount sued for, which was the maximum sum stated in the policy. On the tenth of June, 1908, Mr. Oliver appeared and tendered an answer on behalf of the defendant together with his own and other affidavits showing his employment and the circumstances which had prevented his attendance and the filing of the answer on the first day of the term, the time when under the law it was due. The court overruled his motion to set aside the judgment, and to file his answer. The company appeals from the judgment.

The answer set out as defense that on the 8th day of May, 1908, the insured and the insurer had been unable to agree on the amount of the loss, and had, as the terms of the policy expressly provided might be done in such case, selected two disinterested persons as arbitrators, who had, after being duly sworn, appraised the total value of the building at $2,800, and the total value of the machinery, &c., insured at $2,854.28, that there was other insurance on the building to the amount of $3,500; that the proportion of this defendant's liability on the loss on the building was $900, and its proportion of the loss on the machinery, &c., was $907.86; that the appraisement had been delivered to the plaintiff before the suit, but that he failed to file same. Another provision of the policy relied on in the answer is that the insurer's liability was not to be due until sixty days after the amount of the loss had been thus determined. We are of the opinion that the circuit court erred in not allowing the pleading to be filed, and in failing to set aside the default judgment on the showing made. The power of the court to set aside a default judgment at the term at which it is rendered is inherent, and not dependent on sections of the Code regulating the granting of new trials. This power is not to be exercised capriciously or granted as a favor, or withheld as a rebuke for short coming in

practice. It is exercised as a judicial discretion. It will not depend upon whether the party applying can show himself strictly entitled to the legal relief under Code provisions regulating the granting new trials on ground of casualty and misfortune. But it will depend on whether the ends of justice will be furthered, and in a measure whether the party complaining has been guilty of laches such as to close the ear of the court to his application. In the case at bar it appears that appellant in good faith and without unnecessary delay employed counsel preparatory to making its defense. The attorney was prevented by a combination of circumstances from attending the court at the first day of the term, not evincing carelessness or inattention, nor the assumption of more than was reasonably apparent he would be able to do. The defense presented is meritorious. If true, appellee had obtained judgment by a mere slip for some $1,200 more than he was entitled, and had obtained a judgment for a sum none of which was then due. The application to set aside the default judgment was within two days after it was entered, and before any other rights had arisen based upon it. The ends of justice are better subserved by allowing the parties to proceed to a trial of their controversy and a rendition of a judgment in conformity to the facts on the merits of the case, rather than let one of them hold the sum of $1,200 which he may not be entitled to in law or fact, but which he obtained through a misunderstanding and mishap of the counsel opposing. It was an abuse of judicial discretion not to grant appellant's motion.

Judgment reversed and cause remanded for proceedings consistent herewith.