## Green v. Commonwealth

(Decided February 14, 1913.)

### Appeal from Warren Circuit Court.

1. Judgment—Motion to Set Aside and File Answer.—When judgment Will Not be Disturbed.—When judgment by default has

been entered and a motion is made to set aside the judgment and file an answer, no reason appearing why the answer was not filed in time and the proof being conflicting on the merits, the judgment of the circuit court will not be disturbed, an abuse of discretion not appearing.

2.  Appeal—Answer Tendered Cannot be Considered On Appeal Unless part of Record.—An answer which is tendered and refused to be filed cannot be considered on appeal, unless it is made part of the record by order of court or bill of exceptions.

3.  Judgment—When Improper to Enter Second Judgment—Clerical Misprision.—Where a judgment has been entered, it is improper to enter a second judgment against the defendant; but the entry of the second judgment is a clerical misprision which may be corrected in the circuit court by motion on reasonable notice.

J. T. BEAUCHAMP, for appellant.

JAMES GARNETT, Atty. Gen'l., M. M. LOGAN, Asst. Atty. Gen'l., for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON.— Affirming.

George Green executed before the clerk of the Warren circuit court a bail bond for the appearance of Mike Thompson in that court to answer the charge of false swearing, for which he was indicted. On June 6, 1912, Thompson being called failed to appear, and an order was entered forfeiting the bail bond. A summons was issued which was served on Green on June 22, summoning him to appear in the Warren circuit court on the first day of the next September term, to show cause why judgment should not be entered against him. Green failed to answer and on September 2nd, judgment was entered against him for the sum of $300 and cost. On the next day, September 3, he appeared and tendered an answer. On the motion to file the answer, the court heard the witnesses orally and refused to set aside the judgment or to permit the answer to be filed. Green appeals.

Green testified in substance that there were fifty-nine cases pending before the county judge of Warren county against him, his brother, W. M. Green, his son, Clyde Green and one J. R. Oglesby, in which they were charged with violating the local option law or the Sunday law; that Mike Thompson, who was a negro, was a witness for the Commonwealth in these cases, and did not testify as the Commonwealth wished him to do, and thereupon he was proceeded against for false swearing; that Green to protect himself and to prevent the other witnesses from being intimidated signed Thompson's

bond; that afterwards a compromise was made between him and the county attorney by which all the pending prosecutions were settled at $300 and cost; and that he understood that the charge against Thompson and all prosecutions growing out of the prosecutions against him were to be dismissed; that thinking that the charge against Thompson was dismissed he allowed Thompson to leave the community and after learning that the agreement was not to be carried out, he had made efforts to procure Thompson's arrest, but had been unable to find him, and he believed he could procure Thompson's arrest and have him before the court for trial by the next term. On cross examination he said that he got the impression of the bail bond being released by what his lawyers told him in the court room in the presence of the county attorney, but he could not state that the county attorney said anything substantial as to his liability on the bail bond. W. M. Green and J. R. Oglesby testified in substance the same as George Green. On the other hand the county attorney testified that he had never heard of such an agreement and that he had made no such agreement; that at the time of the settlement he did not know that Thompson had been held over on the charge of false swearing; that the only matters settled were the misdemeanor prosecutions against the defendant, his brother, his son and Oglesby; that the settlement was made before Thompson was indicted by the grand jury and that he had no power to settle or compound the offense and did not in fact do so. This was all the evidence heard on the motion, and we cannot say that the circuit court abused a sound discretion in refusing to set aside the judgment. No reason was shown why the answer which disclosed in substance the same facts that Green testified to, was not filed before the judgment was rendered. Green knew when the summons was served upon him on the bail bond in June that the Commonwealth was proceeding with the prosecution against Thompson. He also knew that the grand jury had a right to indict anybody for false swearing, and that no prearrangement with the county attorney would bind the grand jury. The settlement which he made at $300 and cost was on its face only a settlement of the misdemeanor prosecutions. The circuit judge has a broad discretion on motions of this character where a judgment has been entered, and it is proposed to set the judg-

ment aside and file an answer. He seems to have credited the testimony of the county attorney, and on the whole case, we cannot say he abused a sound discretion in so doing.

It appears from the record that the clerk after entering the order overruling the motion, entered a second judgment against Green. As the judgment had already been entered, it was improper to enter a second judgment against him; but this was a clerical error, and may be corrected in the circuit court on motion, the second judgment being a mere error of the clerk as there had been already one judgment entered.

The answer which the defendant tendered and the court refused to allow filed is not made part of the record by an order of court or bill of exceptions. Not being a part of the record, it cannot be considered on the appeal, though copied in the transcript.

Judgment affirmed.