## Mutual Life Insurance Co. of New York v. Will G. Evans.

### Same v. Leslie S. Evans.

(Decided October 10, 1919.)

### Appeals from Logan Circuit Court.

1. Pleading—Time of Filing.—Where sixty days' time had been given to file an answer and because of the complicated nature thereof and the fact that the data necessary to its preparation had to be secured from different sources, and where the attorneys charged with perfecting the pleading, finding it impossible to prepare the answer in said time requested their local counsel to get additional time and having been assured by the latter that it would be granted, acted on this presumption, a motion to file the pleading should have been sustained though tendered after the expiration of the sixty days, no want of diligence being shown.

2. Pleading—Time of Filing.—Due to misunderstanding on counsel's part a pleading was not filed in the allotted time: Held, under the facts disclosed by the record the court should have permitted the answers to have been filed.

3.  Trial—Pleading.—The ends of justice will be the better subserved
    by permitting parties to plead to an issue and proceed to a trial
    of their controversy, and to the rendition of a judgment in con-
    formity to the facts on the merits.

4.  Trial—Time of Trial—Unnecessary and unreasonable delays or
    derelictions on the part of litigants or counsel, in the absence of
    satisfactory explanation should not be tolerated by the courts.

GRUBBS & GRUBBS and BRUCE & BULLITT for appellant.

I. G. MASON for appellees.

Opinion of the Court by Judge Quin—Reversing.

Appellees are policyholders in the appellant company. The Will G. Evans policy was issued in 1895, that of Leslie S. Evans in 1897. The first policy is for $2,500.00, the second for $5,000.00; both are twenty year distribution policies. The payment of dividends was deferred until the expiration of twenty years from the date of the policy. Attached to each policy was an "adopted illustration" of the options accorded the insured at the expiration of the twenty-year period. With the exception of a payment under one of the contracts, the facts and questions presented by the two appeals are the same.

In the Leslie S. Evans case insured elected to take the benefits of option "B," that is, withdraw in cash the surplus result apportioned, and continue the policy for its original amount as paid-up participating insurance.

Alleging that the cash reserve due under the aforesaid terms was $1,891.90, and the company only agreed to pay the sum of $814.00, suit was filed for the difference of $1,077.90. The sum of $814.00, was paid and accepted without prejudice to the rights of either party.

The amount involved in the Will G. Evans case is $850.00.

Both petitions were filed in August, 1917. The September term of the Logan circuit court began on the fourth Monday, the 24th. On this date the cases were continued with leave to the company to file answers within sixty days. The sixty days expired November 23, 1917, at which time the answers had not been filed. At the December rule day (December 3rd), motions for default judgments were made. December 31, answers were filed in the clerk's office, unaccompanied by affidavits as to the cause of delay in filing same.

At the ensuing February term appellant moved that its answers lodged in the clerk's office be filed and noted of record—it is so stated in the judgment—but we do not find any such motion in the record.

Each case was submitted on appellee's motions for judgment, and on appellant's motions to file answers—affidavits of counsel were filed in support of their respective motions.

Because of its failure to answer within the sixty days allowed, appellant's motions were overruled, those of appellees sustained and judgments entered for the amounts claimed in the petitions. Motions to set aside the foregoing judgments having been overruled the present appeals were taken.

There is but one question involved, viz.: did the lower court err in refusing to permit the answers to be filed?

The pleadings are rather voluminous; annexed to a lengthy petition were many interrogatories; the answers are each about eighty pages in length.

From affidavits filed in support of the motions to file the answers, we find (1) that local counsel advised his Louisville associates of the sixty days' extension immediately after the entry of the order; (2) that none but the company's actuaries could prepare the data necessary in the drafting of the answers, and this at the expense of a great deal of time and labor; (3) about the time the answers were due, local counsel received word that it would be impossible to complete the answers in time for filing; (4) this fact was communicated to appellees' counsel who, "made no objection although he did not say that he would consent or object to its filing after that date;" (5) the answers were not received until December 31, when they were filed; (6) the company was unable to prepare or file the answers before said date because, in addition to the time and labor necessary to correctly answer the interrogatories, a large number of similar suits were pending in the state, in which answers had to be filed; (7) besides the actuaries, many of the company's officials, its counsel, and a force of clerks, gave a large portion of their time during the summer and fall of 1917, in the preparation of these answers.

Many points are urged for a reversal. The first is that the petitions and annexed interrogations were long and involved, and considerable time was necessary in the

preparation of the answers. We think this is quite true. In the second place it is said the delay was not due to any lack of diligence on the part of the company or its counsel. It is apparent that counsel devoted much time to the several cases, but no part of the month of July, as stated in one of the affidavits, because the suits were not filed until August.

The third reason assigned is misunderstanding of counsel as to a further extension of time. It is not stated in the affidavits in support of the motions to file the answers that the request was made of appellees before the expiration of the sixty days, though one of the Louisville attorneys notified local counsel about November 19, that it would be necessary to secure additional time to file the answer. On the contrary, appellees' counsel states that no such request was made until the time for filing had expired—the first communication received by him on the subject was dated December 7; this was four days after the filing of appellees' motions for a default judgment.

We have recently written that where a judgment is entered by default, due to a genuine misunderstanding between counsel and his client, upon proper diligence being shown, it would be set aside. Rosen v. Galizio, 184 Ky. 367, 212 S. W. 104.

The facts shown by the records in the instant appeals do not present as strong a case for appellant as in the case above referred to, still the facts and circumstances are such as entitled appellant to a new trial in each of the cases.

It is clear that no request for additional time was made of appellees' counsel before the expiration of the sixty days—there was no bad faith on his part—no breach of professional courtesy, no violation of any agreement.

It is equally as certain that Louisville counsel were proceeding under the distinct impression that the time had been extended. This assurance was received not only by letter in response to one written to their local counsel November 19, stating the necessity of securing further time, but also in a personal interview with said counsel.

The preparation of these pleadings was in charge of the attorneys in Louisville; the data necessary had to be furnished from the home office in New York and required the services of counsel, actuaries and clerks; their con-

text is complicated and technical. The suit was pending in Logan county where local counsel was employed—counsel for appellees did not reside at the county seat. Court was not in session when the sixty days expired, and the answers were filed before the beginning of the succeeding term.

The courts of this state have adopted what might be termed a liberal policy relative to the filing of pleadings.

Under the practice act of 1902, Civil Code, sec. 367a, subsec. 11, the local court may, in its discretion, allow a pleading to be filed after it is due. In the filing of pleadings and setting aside of default judgments the courts have generally been allowed a broad discretion and one that will not be interfered with unless abused. Green v. Commonwealth, 152 Ky. 239, 153 S. W. 242; Callahan Construc. Co. v. Williams, 160 Ky. 814, 170 S. W. 203; Algee v. Algee, 168 Ky. 362, 182 S. W. 197; Hardesty v. Mt. Eden, 27 R. 745, 86 S. W. 687; Weldon, &c. v. Finley, 31 R. 1050, 104 S. W. 701.

The ends of justice will be the better subserved by permitting parties to plead to an issue and proceed to a trial of their controversy, and to the rendition of a judgment in conformity to the facts on the merits of the case rather than let one litigant advantage at the other's expense through a genuine misunderstanding of counsel.

The proper practice when a pleading is filed out of time is to accompany it with an affidavit or other sworn statement explaining the delay. Civil Code, sec. 367a, subsec. 3. At the time the answers were filed in the clerk's office appellant's counsel was of the opinion they were in time, but when advised of the objection to their being filed and before the motion for judgment was submitted to the court, several affidavits were filed explaining in detail the cause of the delay. This was a substantial compliance with the Code provision, certainly a sufficient one under the circumstances disclosed by these records. Unnecessary or unreasonable delays or derelictions on the part of litigants or counsel, in the absence of satisfactory explanation, should not be tolerated by the courts. Litigation should be disposed of with reasonable and seasonable dispatch. Strader v. Strader, 163 Ky. 356, 173 S. W. 793; Southern Ins. Co. v. Johnson, 140 Ky. 485, 131 S. W. 270; New York Life Ins. Co. v. Long, 177 Ky. 445, 197 S. W.

948; U. S. F. & G. Co. v Com. for use, &c., 31 R 35, 101 S. W. 360.

Inasmuch as appellees were in no wise responsible for the delay they should not be compelled to incur any costs incident thereto; these costs must be borne by appellant, including the costs on these appeals.

The judgment of the lower court in each case is reversed with instructions to permit the answers to be filed and for further proceedings not inconsistent with this opinion