## Union Gas & Oil Company, et al. v. Kelly, et al.

(Decided March 10, 1922.)

### Appeal from Johnson Circuit Court.

1. Judgment—Setting Aside Default Judgment.—The power of the court to set aside a default judgment at the term at which it is rendered is inherent and not dependent on sections of the code regulating new trials. This power is to be exercised as a judicial discretion in the furtherance of justice.

2. Judgment—Setting Aside Judgment.—Where it appears the defendant in good faith and without unnecessary delay attempted to notify its attorneys of the pendency of the suit, but, owing to an

unusual chain of mishaps, the notice did not reach the attorneys until after a default judgment has been entered, and they at the same term and immediately after receiving notice filed a motion to set aside the judgment and tendered answer pleading good defense, the court should have set aside the judgment and permitted defense to be made.

CLYDE L. MILLER and KIRK & KIRK for appellants.

WHEELER & WHEELER for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

On March 8, 1920, at the appearance term for this action, a default judgment was rendered, cancelling an oil and gas lease which the plaintiffs had executed to A. C. Albin and which the latter had assigned to the Union Gas and Oil Company. Albin was not summoned and on March 17, 1920, and during the same term of court the defendant, the Union Gas and Oil Company, filed a motion to set aside the judgment and to be permitted to file a tendered answer. The motion was overruled and the defendants appeal.

Counsel for appellants insist that the judgment should have been set aside and a new trial granted, upon the ground of unavoidable casualty and misfortune, as provided by subsection 7 of section 518 of the Civil Code. We are of the opinion, however, that the grounds presented for setting aside the judgment and permitting a defense to be made would be inadequate, if that and other provisions of the Code for a new trial were applicable, which is not true. As said in Thompson v. First National Bank's Receiver, 183 Ky. 69, 208 S. W. 320:

"A different rule prevails when a motion is seasonably made to set aside a default judgment during the same term at which it was rendered from the rule which prevails when a new trial is sought after the term at which it was rendered on the grounds of casualty or misfortune, or a new trial when both litigants have participated."

In Southern Insurance Co. v. Johnson, 140 Ky. 485, 131 S. W. 270, the court in discussing the same question said:

"The power of the court to set aside a default judgment at the term at which it was rendered is inherent and not dependent upon sections of the Code regulating the granting of new trials. This power is not to be exer-

cised capriciously or granted as a favor or withheld as a rebuke for shortcomings in practice. It is exercised as a judicial discretion. It will not depend upon whether the party applying can show himself strictly entitled to the legal relief under the Code provisions regulating the granting of new trials on grounds of casualty and misfortune. But it will depend upon whether the ends of justice will be furthered and in a measure whether the party complaining has been guilty of laches such as to close the ear of the court to his application.''

Applying these principles to the facts of this case we think the default judgment should have been set aside and a trial had on the merits.

These are the relevant facts presented by the affidavits of the defendant company in support of its motion: A copy of the summons was delivered on March 10, 1920, by a special deputy sheriff to E. H. Pruitt, defendant's superintendent and managing agent in Johnson county. Mr. Pruitt promptly mailed this copy of the summons to the company's attorneys at Louisa, Kentucky, but the letter for some reason was returned, undelivered, from the Cincinnati, Ohio, post office, to the company's office at Martha, Kentucky, which is about twenty miles distant from Louisa, where by inadvertence it was placed in a package of notices referring to other leases, and which Mr. A. B. Ayers, president of the company, was about to and did carry to New York with him. Mr. Ayers did not discover until he got to New York that the summons was in this package, but as soon as he discovered it he mailed it to the company's attorneys at Louisa with instructions to defend the action for the company. Mr. Pruitt, not being able to find the summons after Mr. Ayres had gone, assumed that he had discovered it and delivered it to the attorneys on his way to New York.

In this way the attorneys were not notified to defend the action until judgment had been rendered, but as soon as they received the information they entered the motion to set aside the judgment and tendered an answer controverting every allegation of the petition upon which a right to a cancellation was asserted.

The defendant company therefore desired and in good faith attempted to present when due a perfectly good defense to the cause of action stated in the petition, but was prevented from doing so by a chain of mishaps which were certainly unusual and which are sufficient, if not to prove reasonable diligence, to at least absolve the only

defendant before the court from guilt of wilful negligence or an intention to trifle with the court. The delay in presenting its defense caused plaintiffs no apparent inconvenience or loss of rights if the answer is true. Being an equitable action no delay in a trial on the merits would have been occasioned by defendant's failure to file its answer when due if the court had permitted it to be filed when offered, since the case could not have been tried at that term. In these circumstances, we think, the ends of justice demanded a trial on the merits and that therefore under the above authorities the court abused a sound judicial discretion in refusing to set aside the default judgment and permit defense to be made.

The answer unquestionably presents a good defense to the cause of action asserted in the petition and we can not upon this hearing attempt to decide, as plaintiffs ask us to do, whether or not the lease, which the petition treats as valid, is void.

Wherefore the judgments appealed from are reversed, and the cause is remanded with directions to set aside the default judgment and for proceedings consistent herewith.