### Miller, et al. v. Sachs.

(Decided January 18, 1924.)

### Appeal from Harlan Circuit Court.

Judgment—Abuse of Discretion to Overrule Motion to Set Aside Default Judgment, where Exhibits on which Based Not Filed.— Where the basis of plaintiff's action were two exhibits said to have been filed therewith, and his petition does not purport to copy or use the language of either one of those exhibits, and plaintiff has never filed either one of them, and it appears that attorneys for defendants moved the court to require plaintiff to file with his petition the exhibits referred to therein, the court abused his discretion in overruling motion to set aside default judgment.

SAMPSON & SAMPSON for appellants.

J. S. FORESTER and F. F. ACREE for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

In 1921 appellee, as plaintiff, filed his action against Miller, Blackman, Campbell and Leech, and alleged that on June 19, 1920, he and Miller had entered into a written contract by which Miller agreed to construct for him a two-story brick store building in Harlan, Ky., according to certain plans and specifications attached thereto, for a specified sum, and to be finished within a named time. He then alleges that on the 23rd day of June, 1920, Miller, together with Blackman, Campbell and Leech as his sureties, executed and delivered to him their written contract whereby they undertook and bound them-

selves to the plaintiff that Miller as such contractor should faithfully perform his said contract and satisfy all claims and demands incurred for the same, and fully indemnify the plaintiff for all costs and damages he might suffer by reason of any failure of Miller to carry out his part of the contract, and to repay the plaintiff and make good any and all defaults of said Miller on account of any outlaying expenses incurred by the plaintiff upon the failure of Miller to carry out said contract, and if he failed to perform his part of the same the defendants would pay to the plaintiff the sum of $5,000.00.

The petition says there is filed with it each of the two exhibits referred to therein, which are the basis of the action, but in fact neither of such exhibits was filed. The plaintiff further alleges that Miller after starting the construction of the building, and after incurring certain expenses for labor and material, but before the building was even half constructed, abandoned the same and refused to perform or carry out his contract; and that by reason of said abandonment by Miller the plaintiff was required to take charge of the construction of the building and required to furnish certain labor and material to complete the same, and which cost him over and above the contract price more than $10,000.00. He then prayed for a judgment against defendants for $5,000.00.

Miller, Campbell and Leech were summoned, but Blackman appears never to have been before the court.

At the September term, 1921, the three summoned defendants were before the court, but there appears from the record no action taken during that term by any of the parties. At the January term, 1922, still no action was taken by either of the parties until the 29th day of the term, which was on the 3rd day of February, 1922, at which time a default judgment was taken against Miller, Campbell and Leech. On the next day, and during the same term, those three defendants appeared and filed the affidavit of George G. Lewis, and moved the court to set aside the default judgment, and at the same time tendered an answer for Campbell and Leech.

The court overruled the motion to set aside the default judgment, and from that judgment this appeal is prosecuted.

The affidavit of the attorney states he had been employed by Campbell and Leech to defend the action, and that at the September term of the court he moved the

court to require the plaintiff to file with his petition the contract and bond referred to therein, and he states in the affidavit that the defendants had no copies of these papers. The affiant also says that he had that day discovered for the first time that no order had been entered in the case showing his motion at the September term, and that the defendants had a valid defense to the action, but in order to plead the same must have access to the contract and bond which are the basis of the plaintiff's action. The answer filed for Leech and Campbell appears to present a good defense to the action, but in our view of the matter it is unnecessary to determine that question.

The two exhibits were the basis of the action, and the petition does not purport to copy or use the language of either of those exhibits, and the plaintiff has neved filed either of them. In as much as the exhibits were the basis of the action, and it was the duty ofthe plaintiff to file them; it appears that the only default, or at any rate the first default, was upon the part of the plaintiff in failing to file them. It is easily understandable that the defendants who had no copy of them would be at a great disadvantage in undertaking to plead any defense they had, before they were filed.

Under the facts as presented, the lower court abused its discretion in overruling the motion to set aside the default judgment. The obligation, so far as we may determine without the exhibits before us, was a joint one, and as the default was upon the part of the plaintiff in his failure to file the exhibits, the motion should have been sustained. Southern Ins. Co. v. Johnson, 140 Ky. 485; Thompson v. First National Bank, 183 Ky. 69.

No other question is decided.

The judgment is reversed with directions to sustain the motion, set aside the default judgment, permit the defendants to file answer, and for further proceedings.