## Hackney v. Charles.

(Decided June 14, 1927.)

## Appeal from Pike Circuit Court.

1. Judgment.—Power of court to set aside default judgment at term at which it is rendered is inherent, and does not depend on Code provisions regulating new trials; motion for new trial, under Civil Code of Practice, section 342, being unnecessary.

2. Judgment.—Setting aside of default judgment during term in which it is rendered is within sound discretion of trial court.

3. Judgment.—Relief by way of setting aside default judgment, if applied for during term time, should be granted, where no intervening rights have arisen, and ends of justice will be furthered by having trial on the merits.

4. Judgment.—Where default judgment was entered due to plaintiff's representation that she was going to have case dismissed, in reliance on which defendant failed to employ counsel, court's refusal to set aside judgment on application made during term held abuse of discretion.

DAUGHERTY & BARRETT for appellant.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

On June 27, 1925, Martha Charles, the wife of Fred Charles, brought this action against Minnie Hackney to recover damages for the alienation of her husband's affections. On July 14, 1926, a default judgment was rendered, taking the allegations of the petition as true, and the amount of damages was submitted to a jury, which returned a verdict in favor of plaintiff for the sum of $5,000. A few days later and at the same term the defendant filed a motion to set aside the judgment. In support of the motion she filed her own affidavit and the affidavit of Fred Charles, the husband of plaintiff. The affidavit of Fred Charles is, in substance, as follows: Plaintiff agreed to dismiss or cause to be dismissed the suit against the defendant. He borrowed the defendant's car and brought plaintiff to Pikeville for the purpose of conferring with her counsel and have the case dismissed. Plaintiff advised him that she had arranged to have the case dismissed and directed him to advise the defendant to that effect. Upon his return with the car

he told defendant that plaintiff had arranged to have the case dismissed, and that she need not employ counsel or make any further preparation for the defense of the case. Since that time plaintiff had not done anything upon her part in connection with the prosecution of the case. The facts stated in defendant's affidavit are these: After the suit was filed the husband of plaintiff came to her and stated that plaintiff wanted to withdraw her suit; that the plaintiff and her husband had gotten back together and were living together as husband and wife, and that she did not wish to prosecute the suit further; that he wanted affiant's car to bring his wife to Pikeville to withdraw the suit. Affiant let plaintiff's husband have her car and the plaintiff and her husband came to Pikeville. Upon their return plaintiff's husband advised affiant that the suit was withdrawn and that affiant need not make any preparation for defense. She relied upon these representations of plaintiff's husband, and for that reason did not employ counsel to make defense. Thereafter plaintiff and her husband did live together for some time as husband and wife. Affiant was not guilty as charged in the petition, and not liable as alleged therein, and had a substantial defense to the action. The motion to set aside the judgment was overruled, and defendant has appealed.

Appellee insists that the action of the trial court was proper because no motion for a new trial was made within three days after the rendition of the verdict, as provided by section 342, Civil Code. It must not be overlooked, however, that the judgment complained of was rendered by default, and that the power of the court to set aside a default judgment at the term at which it is rendered is inherent and not dependent upon the Code provisions regulating new trials. On the contrary, the setting aside of a default judgment during term time is a matter that addresses itself to the sound discretion of the court, and the relief should be granted in those cases where no intervening rights have arisen between the entry of the judgment and the making of the motion to set it aside, and the ends of justice will be furthered by setting aside the judgment and having a trial on the merits. Southern Insurance Co. v. Johnson, 140 Ky. 485, 131 S. W. 270; Thompson v. First National Bank's Receiver, 183 Ky. 69, 208 S. W. 320; Union Gas & Oil Co. v. Kelly, 194 Ky. 153, 238 S. W. 384; South Mountain Coal Co. v. Rowland, 204 Ky. 820, 265 S. W. 320.

In the case under consideration the competency of the affiants was not questioned. No counter affidavits. were filed. It stands admitted that appellee notified appellant that the suit had been withdrawn, and that appellant need not make any defense, and that for this reason appellant did not employ counsel or take any further steps in the matter. In the case of Kingsley v. Daniels, 157 Ky. 194, 162 S.'W. 813, plaintiff's counsel promised to advise the defendant, should an offer of compromise be rejected, and agreed that pending the offer defendant need not make any defense. Notwithstanding the agreement, plaintiff's counsel took a default judgment. It was held that defendant was entitled to, have the default judgment set aside as having been procured through the misleading conduct of plaintiff's counsel. There is no difference in principle between the two cases, and we conclude that the trial court abused a sound discretion in not setting the judgment aside.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.