## Liberty Nat. Bank & Trust Co. v. Kummert.

June 20, 1947.

Rehearing denied November 23, 1947.

Lawrence F. Speckman, Judge.

770

Lawrence S. Grauman and Julius Leibson for appellant.

Wilbur O. Fields and Louis H. Jull for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

On October 29, 1938, the Liberty National Bank & Trust Company recovered a judgment against appellee L. W. Kummert in the sum of $1,067.39, with interest, on a note executed by him and J. P. Conn. On March 3, 1939, an execution was issued which was returned "no property found." On March 16, 1946, the bank instituted this action under section 439 of the Civil Code of Practice to discover any property owned by Kummert, and subject same to the payment of the judgment.

Kummert filed an answer pleading that he was surety on the note for Conn and that more than seven years had elapsed "without the issue of execution or prosecution in good faith for collection of said claim," and that the judgment was barred by the limitation provided by KRS 413.220.

During the pendency of the action negotiations were entered into for the purpose of effecting a compromise of the claim, but no settlement was ever reached. The case was set at rules on May 6th but remanded on May 10th. It was again set at rules on May 13th and again remanded on May 17th. It was set at rules for the third time on May 20th, and on May 24th, when the case was called, Kummert's counsel moved for judgment on the pleadings. This motion was sustained, and on June 6th judgment was entered discharging an attachment. On June 11th this judgment was amended adjudging that Kummert was only a surety on the note and that the judgment against him was barred by the statute of limitations.

On June 13th the bank's attorney served notice on Kummert's attorney that on June 18th he would move to set aside the default judgment and tender his reply. On June 18th the chancellor overruled this motion. No appeal has been prosecuted from the judgment of June 18th, this appeal being from the judgment entered on June 6, 1946, as amended on June 11, 1946. No claim is made that the court committed an error in entering the judgments of June 6 and June 11, 1946. The issue as presented here is whether or not the court abused its discretion in refusing to set aside the default judgment. We might well affirm the judgment on this ground alone (James v. Carter, 274 Ky. 273, 118 S. W. 2d 558), but we have concluded to consider the case on its merits.

Affidavits were filed in support of, and in opposition to, the motion to set aside the judgment. The affidavit of the bank's attorney is to the effect that he understood the case would not be submitted for judgment until attorneys for both parties had examined the bank records pertaining to the original note. The counter affidavit is to the effect that there was no agreement regarding the submission of the case, and the conduct of the bank's attorney indicated that negotiations concerning a settlement had been terminated.

It is a well settled rule that when a motion is made in due time to set aside a default judgment the court is not hampered by rules of procedure regulating the granting of new trials, but has an inherent right to vacate the judgment, and should be liberal in this respect in order that the litigant in default may not be deprived of his day in court. This power must not be exercised capriciously but as a judicial discretion. Southern Insurance Company v. Johnson, 140 Ky. 485, 131 S. W. 270; Union Gas & Oil Co. v. Kelly, 194 Ky. 153, 238 S. W. 384, and Carr Creek Community Center v. Home Lumber Company, 276 Ky. 840, 125 S. W. 2d 777.

A motion to vacate a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case, and that court's discretion should not be disturbed on appeal unless it is clear that its discretion has been abused. See Green v. Commonwealth, 152 Ky. 239, 153 S. W. 242, and Zimmerman v. Segal, 288 Ky. 33, 155 S. W. 2d 20.

A party is never entitled to have a default judgment set aside as a matter of right, although, as stated above, the courts are prone to adopt a liberal attitude in dealing with default judgments where the proper motion is made within time. It is only where the party in default shows a reasonable excuse and establishes to the satisfaction of the court that he has not been guilty of unreasonable delay or neglect that the discretion of the trial court should be exercised in setting aside a default judgment. See Bond v. W. T. Congleton Company, 278 Ky. 829, 129 S. W. 2d 570.

The affidavit of the bank's attorney charges no unfair action or conduct on the part of his adversary, but merely states he was under the impression that counsel on each side understood that negotiations were still in progress. This is denied by a counter affidavit, and we do not believe the chancellor abused his discretion in refusing to set aside the default judgment, especially in view of his familiarity with the proceeding, the conduct of counsel for both sides, and the further fact that Kummert's attorney had caused the case to be set at rules on three different occasions before filing his motion for a judgment on the pleadings.

Procedure and practice in the Jefferson Circuit Court is controlled by a complete set of rules. KRS 24.250. Under those rules cases are set by means of a set-slip filed in the clerk's office. Setting a case at rules is notice to the adverse party, Rule 409. Cases set at rules appear on the dockets made up in numerical order according to branches and divisions, and these dockets are published in the Daily Record. It is the universal practice of the members of that bar to check this docket each week. This procedure, under these rules, has been long established and has proven to be fair and workable.

We agree with the trial court that the excuse offered was insufficient, especially in view of the surrounding circumstances, and we do not believe the chancellor abused his discretion in refusing to set aside the judgment.

Wherefore the judgment is affirmed.

Chief Justice Sims and Judge Thomas dissent.

Chief Justice Sims dissenting.

The majority opinion is so entirely different from my conception of the law, and works such a great injustice upon the appellant when neither it, nor its attorney, has been guilty of any bad faith, neglect or laches, that I feel impelled to express the reasons why I disagree with my brethren.

So far as I can understand, there is not a single fact stated in the majority opinion which sustains its conclusion that the trial judge did not abuse his discretion in failing to sustain appellant's motion. The opinion correctly states the law that courts are prone to be liberal in setting aside a default judgment when the motion is made within time. The instant one was certainly made within time, and there is nothing in the record showing any unreasonable delay or dereliction in procedural matters on the part of the bank or its attorney, or that appellee would suffer any hardship had the judgment been set aside and a trial granted on merits. When the majority say that the trial judge did not abuse his discretion in refusing appellant's motion, they make a statement which, I think, is entirely unsupported by the record or by any facts stated in the opinion.

The bank's attorney, Mr. Leibson, in his affidavit does not charge Mr. Jull, who represented Kummert, with intentionally misleading him, but he does state that he was under the impression that counsel on each side understood the case would not be submitted until Jull had accompanied Leibson to the bank and examined the records pertaining to the original note. Jull's affidavit is to the effect that he had no agreement with Leibson regarding the setting of the case, and that while he was ready to go to the bank with Leibson to examine the records, he was unable to contact Leibson and he understood from Leibson's conduct that negotiations looking toward a settlement had been terminated. There is an affidavit in the record of Mr. Henry V. Sanders, assistant vice president of the bank, which states that the original note executed by Conn and Kummert was a joint note and that the proceeds thereof went to the checking account of Kummert, who was the principal and not the surety on the note.

In Jefferson County the circuit courts are of continuous session and each has control of its orders for

60 days, just as other circuit courts in this jurisdiction have authority over their judgments during the term at which they are rendered, KRS 451.130. As appellant's motion to set aside this default judgment was filed 12 days after same was rendered, it may be said in this discussion that the motion was made at the same term the judgment was rendered.

It is the familiar rule in this jurisdiction that when a motion is made to set aside a default judgment at the same term it is rendered, the court is not hampered by rules of procedure regulating the granting of new trials, but has an inherent right to vacate the judgment, and should be liberal in so doing in order that the litigant in default may have the opportunity of presenting his side of the controversy and not be deprived of his day in court. This power is not to be exercised capriciously, but as a judicial discretion in serving the ends of justice. Southern Ins. Co. v. Johnson, 140 Ky. 485, 131 S. W. 270; Union Gas & Oil Co. v. Kelly, 194 Ky. 153, 238 S. W. 384; Car Creek Community Center v. Home Lumber Co., 276 Ky. 840, 125 S. W. 2d 777.

Here, neither party can be hurt by setting aside this judgment and trying the case on its merits. The rights of no third party have intervened. By setting aside the judgment, allowing the bank to file its reply and granting a trial on the merits, both parties can introduce their proof and the right and justice of this controversy can be decided; otherwise, the bank loses a large sum of money without a hearing. Neither the bank nor its attorney is guilty of laches. The only thing which can be charged against counsel for the bank is that he did not understand that opposing counsel inferred that the negotiations of compromise had terminated and that the case would be submitted. Doubtless, this misunderstanding caused him to inadvertently overlook the setting of the case at rules on May 20th, but this inadvertence on his part was not sufficient cause for the chancellor to refuse to set aside the default judgment upon motion made at the same term. The refusal of the judge to set aside the default judgment denied the bank a hearing, and in effect forfeited more than $1,000 of its funds to appellee, if the affidavit of Mr. Sanders, assistant vice president of the bank, is to be

believed. Such procedure on the part of the judge is shocking to the conscience and even revolting to my sense of justice.

The majority cite Green v. Com., 152 Ky. 239, 153 S. W. 242; Zimmerman v. Segal, 288 Ky. 33, 155 S. W. 2d 20, and Bond v. W. T. Congleton Co., 278 Ky. 829, 129 S. W. 2d 570, as instances where this court held that the trial judge did not abuse his discretion in failing to set aside a default judgment. An examination of these authorities shows that they do not support the ruling of the chancellor in the instant case.

In the Green opinion the trial court heard evidence on the motion and ascertained there was no defense Green could have made to prevent judgment going against him. In the case at bar the bank was denied any hearing.

In the Segal case the appellant had delayed the trial for more than two years and then, when her counsel withdrew, she took no steps to protect her rights for two months. Here, neither the bank nor its attorney caused any material delay in the proceedings; indeed, it did not want the trial delayed since the bank was plaintiff trying to collect money it had loaned appellee.

In the Bond case the uncontradicted proof shows that Mrs. Bond deliberately ignored the litigation and rather flouted the process of the court. How different are the facts in the instant case from those in the Bond opinion.

There was no dereliction, delay, neglect or bad faith shown on the part of the bank or its attorney. The only dereliction shown which might be charged against either is that the attorney was under the impression that it was understood between counsel on each side that the case would not be submitted until certain of the bank's records pertaining to the original note were examined, if indeed, that may be called a dereliction. In the Segal opinion, 288 Ky. 33, 155 S. W. 2d 20, in pointing out the right to set aside a default judgment during the term in which it was rendered is inherent in the court, it was written that this power should never be withheld strictly as a rebuke for short comings in practice, nor should it be granted as a favor.

While the record does not disclose upon what ground the chancellor refused to set aside the judgment and let the bank have its day in court, I fear it must have been done as a rebuke to Mr. Leibson, the bank's attorney, for overlooking the fact that the case had been set for trial according to the Rules of the Jefferson Circuit Court and relying upon the impression he got from Mr. Jull that the case would not be set. There is no other reason which I can assign for the chancellor's action, and the majority opinion states no ground upon which his ruling may be based. If the chancellor overruled the motion to vacate the judgment for this reason, the penalty inflicted on the innocent client is much too severe. The importance of these Rules is realized, yet if a lawyer is under the impression that it was understood that the case was not to be tried and overlooked the setting of it, his client should not be made to suffer unconscionably as was the bank here. To vacate this judgment and grant a fair and impartial trial to both these litigants will not in the least impair the efficacy of the Rules of the Jefferson Circuit Court.

In Johnson v. Gernert Bros. Lumber Co., 255 Ky. 734, 75 S. W. 2d 357, a suit was brought under sec. 518 of the Civil Code of Practice to set aside a default judgment on facts not greatly dissimilar to those presented by this record. It was there held that the chancellor should have vacated a default judgment, and it does not appear that the decision in that case impaired these Rules when this court wrote that a client should not be deprived of her day in court merely because her attorney overlooked the setting of a case according to the Rules and relied upon what he thought was an understanding with opposing counsel that the case would not be tried. These Rules just cannot be so sacred that they rise higher than the administration of justice which they were enacted to assist. If the courts are to continue to hold the public confidence, they must not be so circumscribed by rules of procedure as to prevent a litigant from having his day in court because his attorney inadvertently overlooked the setting of a case on the trial docket.

I am unable to distinguish the case at bar from our recent opinion in Vanover v. Ashley, 298 Ky. 722, 183

S. W. 2d 944, where under circumstances not unlike those presented by this record we found that the trial judge erred in not sustaining a motion to vacate a default judgment which was seasonably made at the same term; unless it be that this court intends to apply a different brand of justice in Louisville from that applied in Owensboro. I cannot bring myself to believe that this court intends to do that, but I most seriously fear that is what the majority opinion has done, and for that reason I must most respectfully dissent.