**Herman E. JACOBS, Appellant,**

**v.**

**Josie BELL, Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1969.

As Modified on Denial of Rehearing
June 6, 1969.

Manley N. Feinberg, Louisville, for appellant.

David W. Brangers, Louisville, for appellee.

CLAY, Commissioner.

Appellee brought suit to recover damages for personal injuries arising out of an automobile accident against one Leavell, the driver of the car in which she was a

passenger, and against appellant, allegedly the owner thereof. A default judgment was taken against appellant and thereafter the issue of damages was tried. Appellee was awarded $3,335. Three grounds are urged for reversal.

The first ground is that the trial judge abused his discretion in declining to set aside the default judgment. Such judgment was entered on October 13, 1967. On November 1 the appellant moved to set it aside on the ground that he "by mistake, inadvertence and excusable neglect, thought that he had advised his attoreny that he had been served with summons and he actually forgot to do so". No affidavit, answer or other paper was tendered with this motion stating the circumstances or asserting that appellant had a meritorious defense to the action. The motion was overruled November 17.

Subsequently the case was tried on the issue of damages and the judgment appealed from was rendered on December 11. On December 19 appellant filed a motion for a new trial but did not set forth as a ground thereof the failure of the court to set aside the default judgment. Thereafter, on December 29, appellant again moved to set aside the default judgment and the motion contained the statement that he had a valid defense. Filed with this motion were two affidavits which tended to establish that appellant's neglect in failing to send to his attorney a copy of the summons with which he had been served was excusable. The affidavits also tended to establish that appellant was not the owner of the automobile at the time of the accident and that no agency relationship of any kind existed between appellant and the driver Leavell.[1]

■ Had the showing that was made on appellant's December 29 motion been presented to the trial judge when appellant first moved to set aside the default judgment, we are inclined to believe that he would not have hesitated to sustain that motion. Even had such showing been made on the timely filed motion for a new trial, it may have justified setting aside the default judgment. However, as far as the record shows, the first time appellant set forth the extenuating circumstances and asserted a valid defense to appellee's claim was with his motion of December 29. This was 19 days after the final judgment was entered. The question therefore presented is whether that court abused its discretion in overruling appellant's motions made on November 1 and December 29.

■ While the courts should adopt a liberal attitude on motions to set aside default judgments, good cause must be shown. CR 55.02; Liberty Nat. Bank & Trust Co. v. Kummert, 305 Ky. 769, 205 S.W.2d 342. Whether forgetfulness of a party to send his lawyer a copy of the summons, standing alone, would constitute good cause we do not undertake to decide. Proper practice would certainly require the timely showing of the circumstances and the assertion of a meritorious defense. See Clay's Kentucky Practice, Vol. 7, Rule 55.02, Comment 2; Kidd v. B. Perini & Sons, 313 Ky. 727, 233 S.W.2d 255. In the absence of such a timely showing, we cannot say the trial court abused its discretion. See Kummert case above cited. There is no merit in appellant's first ground for reversal.

■ The next ground is that the trial court abused its discretion when it failed to allow appellant a continuance when the case was called for trial on the issue of damages. The motion to set aside the default judgment had been overruled on November 17 and the trial date was set for December 6. Apparently when the case was called for trial appellant orally moved for a continuance on the ground that his attorney had another case set on that date and was not prepared for trial. Here again appellant neglected to make a timely

---

1. It may be noted here that whether or not appellant was the owner of the automobile, appellant would not be liable for the driver's negligence if no agency relationship existed, and he had this valid defense from the beginning.

and proper motion. His counsel was aware of the trial date well in advance and at that time knew of his other conflicting trial engagement. The motion for a continuance should have been made before the trial date. Clearly the court did not abuse its discretion in refusing to grant a continuance on the grounds asserted.

█ It is finally contended that the damages of $3,335 were excessive. Appellee suffered a severe laceration of her forehead, incurred muscular and ligamentous injuries to her neck resulting in a substantial limitation of movement, and contusions on other parts of her body. She had severe headaches as the result of a concussion when her head struck the windshield. The allowance was $3,250 for pain and suffering. We cannot say this was excessive.

The judgment is affirmed.

MONTGOMERY, C. J., and MILLIKEN, OSBORNE, PALMORE and REED, JJ., concur.

STEINFELD, J., not sitting.

HILL, J., dissenting.