**EDUCATOR & EXECUTIVE INSURERS, INC., Appellant,**

**v.**

**Elijah MOORE, Appellee.**

Court of Appeals of Kentucky.

Feb. 1, 1974.

---

Robert B. Berger, Patterson & Berger, Pineville, for appellant.

Thomas J. Roberts, Roberts & Greene, P. S. C., Middlesboro, for appellee.

JOHN P. LAIR, Special Commissioner.

This is an appeal from a default judgment in favor of Elijah Moore in the amount of $10,000.

From a more or less confused statement of facts, changes in attorneys, and the number and changes in judgments which we have attempted to sort out, the real question is whether or not the default judgment entered on the morning of August 24, 1971, should be set aside and appellant allowed to file an answer and have a trial on the merits.

Suit was filed on July 30, 1971, against the insurance company. On August 18 the company mailed its entire file to its attorney at Pineville. The file arrived on August 24, some ten hours after the deadline for filing an answer, which was at midnight on August 23. Counsel called the plaintiff's attorney immediately to ask for additional time but was informed that a default judgment had been entered earlier that morning. On September 15 the appellant tendered an answer asserting what appears to be a meritorious defense and filed a motion, supported by an affidavit setting forth the extenuating circumstances, to set aside the judgment. This appeal follows a denial of the motion.

CR 55.02 states: "For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02."

CR 60.02 states as follows, in part: "On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order or proceeding upon the following grounds. . . .; or (6) any other reason of an extraordinary nature justifying relief."

The postmaster made an affidavit to the effect that the usual time for mail from Columbus, Ohio, to Pineville, Kentucky, was two days. This file was in transit nearly six days. The affidavit was uncontradicted. The delay was not the fault of the appellant.

In Fortney v. Mahan, Ky., 302 S. W.2d 842 (1957), this court said, "On motion, the court is empowered to relieve a party from a final judgment under certain extraordinary circumstances and upon such terms as it deems just. 60.02 addresses itself to the sound discretion of the trial court. . . . Two of the factors to be considered by the trial court in exercising its discretion are whether the movant had a fair opportunity to present his claim at the trial on the merits and whether the granting of the relief sought would be inequitable to the other parties."

In Liberty National Bank & Trust Co. v. Kummert, 305 Ky. 769, 205 S.W.2d 342

(1947), it was said, "When considering motions to set aside a default judgment a court should not be hampered by rules of procedure granting a new trial and should be liberal in order that litigants in default may not be deprived of their day in court; the court's power must not be exercised capriciously but as a judicial discretion." This principle was approved in Kidd v. Perini & Sons, 313 Ky. 727, 233 S.W.2d 255 (1950), where the court indicates that it is less inclined to interfere with a trial court's ruling in setting aside a default judgment than when the ruling denies the motion.

In the more recent case of Jacobs v. Bell, Ky., 441 S.W.2d 448 (1969), in which a denial to set aside a default judgment was upheld, the defendant neglected to advise his attorney that he had been served with a summons until after the default judgment had been taken, and then the attorney failed either to explain the delay or to assert that he had a meritorious defense until he belatedly filed a second motion to set aside the default judgment some two and one half months after it had been entered, and almost two months after the filing of his first motion. We do not regard that case as comparable with this.

In view of the facts and the law applicable to the question herein, we are of the opinion that denial of the motion to set aside the default judgment and allow the appellant to file an answer in order that an evidentiary hearing could be held giving both sides their day in court was an abuse of discretion.

Our action on the appeal renders the cross-appeal moot.

The judgment is reversed with directions that the default judgment be set aside.

OSBORNE, C. J., and JONES, MILLI-KEN, PALMORE, REED and STEIN-FELD, JJ., sitting.

All concur.