RENDERED: JULY 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0960-MR

BRITTANY BUCHTER APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANNIE O'CONNELL, JUDGE
ACTION NO. 19-CI-400027

TWINBROOK, LLC APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CETRULO AND K. THOMPSON, JUDGES.

CLAYTON, CHIEF JUDGE: This is an appeal from the Jefferson Circuit Court's refusal to set aside a default judgment and order of sale of real property entered in favor of Twinbrook, LLC (Twinbrook). Because the appellant Brittany Buchter failed to present or satisfy the requisite elements for setting aside a default judgment and order of sale, we affirm.

## STATEMENT OF FACTS

On July 20, 2018, Twinbrook purchased a 2017 certificate of tax delinquency on real property identified as parcel number 11-065C-0239-0000 ("Tract 2") located on W. Southern Heights Avenue, Jefferson County, Kentucky. It is owned by Buchter. Tract 2 is adjacent to real property also located on W. Southern Heights Avenue which is identified as parcel number 11-065C-0009-0000 ("Tract 1"). Brittany Buchter's home evenly straddles both tax lots.

On January 4, 2019, Twinbrook brought a foreclosure action against Buchter to enforce the 2017 certificate of delinquency. The complaint filed by Twinbrook included the legal description of the property which identified both Tract 1 and Tract 2. However, Twinbrook had only purchased a tax lien on Tract 2. On June 17, 2019, Twinbrook filed a motion for judgment and order of sale. The motion was referred by the court to the master commissioner who issued a remand report. The report asked for clarification on the divisibility of the property by providing relevant plat information on both tracts. In addition, if the property was indivisible, it sought to ensure all lien holders were properly parties to the action. Twinbrook filed exceptions to the master commissioner's report on August 11, 2019. Twinbrook provided the plat information showing a single structure on both tracts and explained that both tracts were included in a merged deed to a single-family residence. Based on the plat information from the property value

administrator, the master commissioner agreed that the tracts were indivisible and should be sold together. The circuit court sustained Twinbrook's exceptions to the master commissioner's report as to the indivisibility of the tracts.

Twinbrook was granted a renewed default judgment and order of sale. The circuit court ordered that Tract 1 and Tract 2 could not be divided without materially impairing the property's value or the interests of the parties and should be sold as a whole for the purposes of satisfying the judgment and lien. The master commissioner's office also prepared a handbill stating Tracts 1 and 2 were indivisible and should be sold as a whole.

The real property was sold at judicial sale on April 8, 2021, for $63,000, to We Buy Real Estate, LLC. Buchter filed a motion to set aside the judicial sale on the same date. Twinbrook maintained its position that the tracts were indivisible.

The matter was referred once more to the master commissioner who issued a report on June 28, 2021. The report addressed the same issue of indivisibility and distinguished the only case law offered by Buchter. The master commissioner recommended the court deny the motion to set aside the judicial sale. Buchter filed an objection to commissioner's report and motion for hearing on July 7, 2021. She argued that Twinbrook had only purchased the tax lien for one of the tracts and therefore the sale should be void because they had not

purchased the tax debt for the entire residence. The circuit court agreed with the master commissioner and denied the motion to set aside the commissioner sale. It also denied hearing on the matter. This appeal followed.

**Standard of Review**

The circuit court's decision to confirm the judicial sale and deny Buchter's motion to set aside the commissioner sale is reviewed for abuse of discretion. *Lerner v. Mortgage Electronic Registration Systems, Inc.*, 423 S.W.3d 772, 773 (Ky. App. 2014). The Kentucky Supreme Court has previously recognized that it is within the "discretion of the circuit court to confirm or vacate a sale and that the court's exercise of that discretion will not be disturbed unless it appears to this court to have been abused in the judicial sense." *Gross v. Gross*, 350 S.W.2d 470, 471 (Ky. 1961). In addition, the circuit court is vested with broad discretion in considering motions to set aside judgments ordered by default, "and an appellate court will not overturn the trial court's decision absent a showing that the trial court abused its discretion." *PNC Bank, N.A. v. Citizens Bank of Northern Kentucky, Inc.*, 139 S.W.3d 527, 530 (Ky. App. 2003). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

The Kentucky Rules of Civil Procedure (CR) provide that a judgment by default may be obtained against a party who "has failed to plead or otherwise defend" as provided by the rules. CR 55.01. A judgement ordered by default may only be set aside by the court for "good cause." CR 55.02. Whether "good cause" exists depends on if the moving party can show "(1) a valid excuse for the default; (2) a meritorious defense to the claim; and (3) absence of prejudice to the non-defaulting party." *PNC Bank*, 139 S.W.3d at 531. "Absent a showing of all three elements, the default judgment will not be set aside." *Sunrise Turquoise, Inc. v. Chemical Design Co., Inc.*, 899 S.W.2d 856, 859 (Ky. App. 1995). It is a well-established rule that when considering whether to set aside a default judgment for "good cause" the court should apply a liberal standard to ensure the party in default is not deprived of their day in court. *Liberty Nat'l Bank & Trust Co. v. Kummert*, 305 Ky. 769, 771, 205 S.W.2d 342, 343 (1947).

### a. A Valid Excuse for the Default

Buchter offers no valid excuse for the initial default judgment. She was notified about the progress of the proceedings three separate times. Despite the initial service and receipt of motions, she took no steps to defend the action until after a default judgment was entered, the sale occurred, and the property was purchased by another buyer. The description of the property was present in Twinbrook's first motion, the renewed motion for default judgment, and the deed

itself. The deed to the home included both Tract 1 and 2 in a merged deed to a single-family residence. Therefore, Buchter should have been on notice as to the status of both tracts for the purposes of litigation and should have appeared for the proceedings. As this Court has stated, "[c]arelessness by a party or his attorney is not reason enough to set an entry aside." *Perry v. Central Bank & Trust Co.*, 812 S.W.2d 166, 170 (Ky. App. 1991). Since Buchter offers no valid excuse for the default, this element is not satisfied.

### b. Meritorious Defense to the Claim

The initial motion to set aside the sale was based on the grounds that Twinbrook only owned the certificate of delinquency on one of the two necessary lots. On appeal, Buchter makes the same argument, stating it is impossible to foreclose on half of a house and the judgment encompassing the two tracts as an indivisible whole should be declared void. This Court agrees with Buchter that it is impossible to foreclose on half of a house. However, the General Assembly provided for this issue in Kentucky Revised Statutes (KRS) 426.685(1), which states that

> [b]efore ordering a sale of real property for the payment of debt, the court must be satisfied by the pleadings, by an agreement of the parties, by affidavits filed, or by a report of a commissioner or commissioners, whether or not the property can be divided without materially impairing its value, and may cause it to be divided, with suitable avenues, streets, lanes or alleys, or without any of them.

The statute goes on to say that if the property "can not be divided without materially impairing its value, the officer shall sell the whole of it, though it bring[s] more than the sum to be raised, and the court shall make proper orders for the distribution of the proceeds." KRS 426.685(2). Therefore, according to the statute, property that encompasses more than one tract may be sold in its entirety to enforce a lien on one of the tracts if the property is determined to be indivisible.

The circuit court in this instance was not foreclosing on half of the property, but on the indivisible whole. This same issue was considered by the master commissioner after sustaining Twinbrook's exceptions, the circuit court in the renewed judgment and order of sale, and again by the master commissioner in response to Buchter's motion to set aside the judicial sale. The circuit court was clearly satisfied that the real property was indivisible before ordering a sale in alignment with the requirements of KRS 426.685(1). Buchter even acknowledges that the home straddles both Tract 1 and Tract 2, thus supporting the determination made by the circuit court and the master commissioner that division of the property would materially impair its value. We agree with the master commissioner that if we were to find for Buchter, any homeowner whose house is on two parcels could potentially escape foreclosure on both parcels if there was a lien solely on one of them. This would be in direct contradiction of the intent of the legislature established in KRS 426.685.

The only authority Buchter offers in support of her position is the unpublished decision, *Dizaya v. Tax Ease Lien Servicing, LLC*, No. 2019-CA-1297-MR, 2020 WL 7083242 (Ky. App. Dec. 4, 2020). In that case the appellee purchased several certificates of delinquency on one of three tracts. *Id.* at *1. However, the legal descriptions of the two unencumbered tracts were mistakenly included in the legal description. *Id.* The divisibility of the tracts was not an issue addressed by either court. In addition, the unencumbered tracts were mistakenly added in *Diyaza*, while in this case both tracts were meant to be included in the legal description. We find the facts of *Diyaza* to be distinguishable from the case at bar.

While it is preferable to decide cases on the merits, there is no meritorious defense presented by Buchter that would have allowed the circuit court to set the judgment aside to decide the case on the merits. *See Perry*, 812 S.W.2d at 170.

### c. Absence of Prejudice to the Non-defaulting Party

Buchter's brief did not address the issue of whether setting aside the judgment would cause Twinbrook any prejudice.

## Conclusion

Buchter was unable to demonstrate good cause for setting aside the default judgment and order of sale relating to her property.  The circuit court did not abuse its discretion and its judgment and order of sale are affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Ben Wyman
Carrollton, Kentucky

BRIEF FOR APPELLEE:

Christopher J. Hartley
Glenview, Kentucky