## Buckner v. Kelly, et al.

(Decided April 16, 1914.)

### Appeal from Boone Circuit Court.

Forcible Entry and Detainer—Traverse—Trial of in Circuit Court.—The traverser is entitled to have a trial of the traverse in the circuit court, although while the traverse is pending in the circuit court there may be a judgment rendered in that court in another case between the same parties awarding to the traversee the possession of the premises involved in the forcible detainer proceeding.

S. W. TOLIN for appellant.

D. E. CASTLEMAN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

On June 19, 1912, a writ of forcible detainer on behalf of appellees was issued by the county judge of Boone County against the appellant, charging him with the forcible detention of a house and lot in May, 1912. In September, 1912, there was a trial of the writ before the county judge, and the appellant, then defendant in the writ, was found guilty of the forcible detainer complained of. On the same day the appellant executed a traverse bond and filed his traverse in proper time in the Boone Circuit Court. It seems that when the traverse came up for trial in the circuit court in April, 1913, it was continued until August 15, 1913, on which last named day the plaintiffs in the forcible detainer filed an amended statement showing that after the trial in the country and while the traverse was pending in the circuit court, there issued from the circuit court a writ of possession in a case pending in the circuit court in which the plaintiffs in the forcible detainer proceeding were plaintiffs and the defendant in the forcible detainer proceeding was a defendant, and by virtue of this writ, which was issued on April 5, 1913, the sheriff to whom it was directed placed the plaintiffs in the writ in possession of the property on May 3, 1913.

The property which the plaintiffs were placed in the possession of by virtue of the writ was the same property involved in the forcible entry and detainer proceeding.

When this statement, accompanied by the record showing the issual of the writ and the execution thereof, was filed, the court in August, 1913, entered a judgment dismissing the traverse and adjudging the costs against the plaintiff in the traverse. From this judgment the plaintiff prosecutes this appeal.

Under this state of facts the only question for decision is, should the court have dismissed the traverse or proceeded to a trial of it without reference to the suit between the same parties pending in the Boone Circuit Court or the judgment or writ of possession therein?

The only issue in the forcible detainer proceeding was, did the defendant, Buckner, forcibly detain from the Kellys, in May, 1912, the property described in the writ? When this proceeding came on for trial before the county judge in September, 1912, he found that Buckner was guilty of the forcible detainer complained of and thereupon Buckner executed a traverse bond in which he obligated himself, with good sureties "to pay to the said M. Kelly and Carrie Kelly the costs of said proceeding and all damages caused to them by said traverse if not prosecuted with effect."

When the circuit court dismissed in the manner and for the reason stated this traverse, there was imposed upon Buckner and his sureties in the traverse bond an obligation to pay as stipulated in the bond "the costs of said proceeding and all damages caused to them by said traverse if not prosecuted with effect."

We think the court erred in dismissing the traverse. The fact that subsequent to the traverse the plaintiff in the traverse proceeding was placed in possession of the property under a writ issued in another case, did not have the effect of working a dismissal of the traverse proceeding or of disposing with the necessity of a trial thereof. The traverser was entitled to have a trial of his traverse in the circuit court and to have it determined whether he was guilty of the forcible detainer charged so that if found not guilty he might be relieved of the obligation assumed in the traverse bond.

The judgment in the circuit court suit did not, so far as this record discloses, determine in any manner or form whether Buckner was guilty of the forcible detainer complained of in May, 1912. It was merely an adjudication that in April, 1913, the Kellys were entitled to the possession of the property involved in the forcible detainer proceeding. Whether they were entitled to the

possession of this property in May, 1912, remains to be determined in a trial of the forcible detainer case.

Wherefore, the judgment is reversed, with directions to the circuit court to hear and dispose of the traverse.