## Rader v. Howell.

(Decided Dec. 2, 1932.)

262

BEATTY & BEATTY and BLAKEY & HOWELL for appellant.
S. P. STAMPER for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

J. M. Rader, appellant, and Mitchell Howell, appellee, are the owners, respectively, of two small tracts of land lying between the Louisville & Nashville Railroad Company's right of way on the north and the Kentucky river on the south in or near the town of Heidelberg, Lee county, Ky.

A dispute has arisen between them as to the proper location of the division line extending from a stake in the right of way of railroad company southwardly to the Kentucky river, the appellant, Rader, claiming appellee has attempted to establish as a division line between their properties a line of fence built by him, which extends from a stake in the right of way of the railroad company to the river, and that the same has been so located by appellee as to encroach upon appellant's adjoining land, taking from him a narrow strip from off the east side thereof.

Appellant, Rader, filed suit in ejectment in the Lee circuit court against appellee, Mitchell Howell, seeking recovery of this strip of land and damages in the sum of $100 for the wrongful taking and use of same. He was unsuccessful in his suit, the court below having, upon conclusion of the evidence heard, directed by a peremptory instruction to the jury to find for appellee (defendant below). Upon the verdict being so returned, judgment was entered dismissing the petition with costs.

Complaining of this judgment, plaintiff has appealed, seeking its reversal upon the grounds assigned in his motion for a new trial: (1) "That the court erred in instructing the jury to find for the defendant and (2) that the court erred in overruling the plaintiff's motion to instruct the jury to find for the plaintiff."

The facts as shown by the record are that both the appellant and appellee claim title from a common source, to wit, G. W. Gourley.

Appellee's title, however, is based upon a slightly older deed made by this common grantor, G. W. Gourley, whereby he conveyed the eastern portion of this land in controversy to one Martin Brandenburg on

May 8, 1912, the western boundary of this tract conveyed him being therein thus described: "Thence with the right of way line of the said railroad company, westwardly to a stake in the said line near the depot and near a small mulberry sapling standing on the western edge of a small drain (said mulberry being marked 'M. B.'); thence a straight line down the said drain to a stake at the Kentucky river," said conveyance being recorded in Deed Book 20, p. 25.

On March 10, 1913, this grantee and wife conveyed the tract to J. H. Howell, therein describing the western boundary line of the tract as follows: "Thence with the railroad right of way to a small mulberry sapling, near a small drain (said mulberry being marked 'M. B.'); thence a straight line down the said drain to the Kentucky river," said deed being recorded in Deed Book 20, p. 25. This tract was conveyed in two other mesne deeds of record, in which its western boundary line was described as above. On September 30, 1927, the tract was conveyed by Alfred Murphy and wife to Mitchell Howell, the appellee, the western line being again similarly described.

On June 11, 1912, G. W. Gourley conveyed to the Foreman Company a tract of land immediately adjoining and west of the land he had previously conveyed Martin Brandenburg on May 8, 1912. His deed conveying this second tract of land to the Foreman Company is recorded in Book 18, p. 263, wherein the eastern boundary line of same is described as follows:

"Thence up the river with low water mark to the line of Martin Brandenburg; thence leaving the river and running up the hill with the line of said Martin Brandenburg, to the right of way line of the L. & N. Railroad Company."

This second, or western, tract conveyed the Foreman Company was by it conveyed by similar description to C. T. Gregory, recorded Deed Book 49, p. 280.

The grantee Gregory on December 31, 1928, by similar description conveyed the property to J. M. Rader, the appellant.

On August 22, 1930, appellant, Rader, conveyed a small strip of land off the eastern portion of this tract, conveyed by Gregory to H. H. Rowland, describing its boundary in the deed as follows:

> "Beginning at a stake at the Kentucky river, and in line of Mitchell Howell; thence running with line of Mitchell Howell, northwardly to a mulberry tree; marked as a corner; thence same course continued a straight line to a stake at the right of way of the Louisville & Nashville Railroad Company; thence following said railroad right of way westwardly 117 feet to a stake; thence southwardly a straight line to a stake at the Kentucky River; thence up the Kentucky River with its meanders 117 feet to the beginning."

This deed appears of record in Deed Book 50, p. 465.

Later a suit was filed by this Rowland against Rader to correct the eastern boundary line as given by the deed of this strip of land sold him by Rader, and the same was adjudged corrected and reformed so as to read:

> "Beginning at a stake at the Kentucky River and in line of fence erected by Mitchell Howell; thence running with line of fence erected by Mitchell Howell northwardly to a mulberry tree marked as a corner; thence same course continued a straight line to a stake at right of way of the Louisville & Nashville Railroad Company; thence following said right of way westwardly 117 feet to a stake; thence southwardly a straight line to a stake at the Kentucky River; thence up the Kentucky River with its meanders 117 feet to the beginning."

From a consideration of these various deeds conveying these adjoining tracts, it is made clear that the controversy as to what is the true division line between the two tracts depends on what and where is the proper location of this division line referred to in the senior and also subsequent deeds as the "Martin Brandenburg line."

Appellant and appellee appear unable to agree on more than one point as to this boundary question, and that is, that this line begins at the northern corner of their adjoining lands at a stake in the right of way of the Louisville & Nashville Railroad Company. Appellant contends that from this point it should extend in a course S. 1 E., 320 feet, along a drain to the river; but appellee contends that beginning at such point it should extend from thence in a straight line to a marked mul-

berry tree, thence southwardly in a straight line 291 feet to the river along a course bearing S. 12½ W., over and along which he has built his fence, claiming the same to be the true division line between his and appellant's lands.

The divergence of these two lines extended from the stake in the railroad right of way line, the one extending over a course S. 1 E. and the other over a course S. 12½ W. to the river, results in a spread of the lines at the river of about 150 feet, and between which is inclosed about a one-half acre triangular tract of land, involved in this controversy.

Appellant contends that the more eastern of these two lines, which extends from the stake in the railway right of way S. 1 E. to the river, is the true eastern boundary line of his tract, and that the appellee, Howell, in building his fence over the other line some 13½ degrees west of it, has by so doing taken and fenced this one-half acre strip of his land from off its eastern boundary.

This small triangular strip of land so inclosed has been claimed, used, and cultivated by the appellee, Howell, from the time he purchased his land in September, 1927, or more than a year before appellant purchased the adjoining western tract in December, 1928, and for a period of over two years before appellant made deed to H. H. Rowland of the eastern strip of some 117 feet in width therefrom, in which deed the land conveyed Rowland was originally described as extending to the Mitchell Howell line, and not to his fence, which, as stated above, had been constructed along the course S. 12½ W., and claimed by appellee as the proper location of the division line between the properties.

Appellant claims that this division line between them should be one having for its course S. 1 E., because such course would more nearly correspond with the present location of the "drain" referred to in Gourley's deed to Brandenburg, and later mesne deeds wherein this line is described as follows:

"Thence with the right of way line of the said railroad company, westwardly to a stake in the said line near the depot and near a small mulberry sapling standing on the western edge of a small

drain (said mulberry being marked 'M. B.'); thence a straight line down the said drain to a stake at the Kentucky River.''

There is evidence, however, that there has been a considerable shifting and changing in the location both of this drain and of the old river bed over and along this low overflow land in controversy, since the making of the deed by Gourley to Brandenburg in 1912, in which the description of this line was given as being ''a straight line down the drain to a stake at the Kentucky River''; but there has been no shifting or change in the location of the mulberry tree also called for in the description given by the several deeds as in or near this line, and if this description means a line following or running with the drain, such intention would not be conveyed by the words of the deed ''thence a straight line down the drain,'' rather than as one with its course and meanders. If the present location of the drain is accepted as the true location of the old Brandenburg line, then the appellant, Rader, it would appear, should prevail; but if in locating it we are guided by the ''marked mulberry,'' as fixing its location Howard should prevail. We conclude, therefore, that in view of the probability of the drain shifting its location, together with the evidence that it has done so, and which uncertainty of fixed location does not apply to the mulberry tree, we are constrained to adopt as the true division line that extending from the railroad right of way to the river over a course S. 12½ W. past the marked mulberry, along which course the appellee has constructed his fence. But even were we in doubt as to the accuracy of this our conclusion as to the location of the true division line between these properties, we are yet of the opinion that Rader must fail upon his appeal upon the further ground, afforded by his own testimony, that when he bought this tract from Gregory, the appellee Howell was then cultivating the adjoining land now in dispute and had been doing so for a couple of years, even though he argues that such fact did not constitute Howell's adverse possession of this strip, because he did not at that time have it under fence.

Section 210, Kentucky Statutes, in part provides: ''All sales or conveyances, including those made under execution, of any lands, or the pretended right or title to the same, of which any other person at the time of such sale, contract or convey-

ance, has adverse possession, shall be null and void.''

It has been repeatedly held by this court that a conveyance of land to one while in the adverse possession of another was champertous under the statute, and that it is not essential to an adverse holding, as used in this champerty statute, that the land held should be inclosed, but that a holding and claiming by cultivation was sufficient to constitute the adverse possession, used in the statute. Abbott v. Perkinson, 144 Ky. 495, 139 S. W. 745, Ann. Cas. 1913A, 747.

And, further, that possession under a recorded deed extends to the outside boundaries as defined in the deed, regardless of inclosure of only a portion, and such possession is adverse so as to render a deed thereto champertous. Lanham v. Huff, 228 Ky. 139, 14 S. W. (2d) 402; Heinrichs v. Polking, 185 Ky. 433, 215 S. W. 179; Morgan v. Big Woods Lumber Co., 198 Ky. 88, 249 S. W. 329.

It was not necessary, therefore, under the principles of law announced in these cited cases, that Howell should have had this strip of land, claimed by him as coming within the boundary given by the old Brandenburg deed, under fence at the time appellant bought this property, in order to constitute his holding of it one adverse, open, and notorious as its owner, but such claim thereto was sufficiently manifested and given in the fact of his occupation and cultivation of it as owner. Therefore, we conclude that such being the character of Howell's possession of this tract in controversy, and well known to Rader at the time this western tract was conveyed him, Rader is not entitled to recover it from Howell because of his then being in adverse possession of it, but that appellant took under his deed, only to the division line S. 12½ W., even though he were able to establish that the line S. 1 E., as contended for by him, was the true division line, as called for under the senior Brandenburg deed.

Therefore, perceiving no error committed by the trial court herein, its judgment is affirmed.