## Skaggs v. Ohio Valley Rock Asphalt Co. et al.

Dec. 1, 1942.

R. H. Cannon, Allen P. Cubbage and Pleas Sanders for appellant.

Charles E. Whittle, V. R. Logan and T. H. Demunbrun for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

This appeal, granted by the circuit court, was filed as an appearance case for our Winter Term, commencing January 5, 1942, and appeared on the docket for orders on that day. So appellees' brief was due to be filed December 27, 1941. Rule V, Paragraph 4. The clerk reminded counsel, by mail, on June 10th and again on August 21, 1942, that the case had been submitted and no brief had been filed for the appellees. None has ever been filed.

Our rules and practice are quite strict in their application to appellants; thus if an appellant does not file a brief, the appeal will be dismissed. Huff v. Begley, 248 Ky. 455, 58 S. W. (2d) 606; Consolidated Underwriters v. Richards' Adm'r, 276 Ky. 275, 124 S. W. (2d) 54. No rule has been promulgated with reference to such delinquency on the part of an appellee. We have a rule that an appellee not filing a brief in time may be required to pay any costs incurred in this court between the time of the filing of the appeal and that of filing his brief. Rule V, Paragraph 7. As observed in Inland Steel Company v. Isaacs, 283 Ky. 770, 143 S. W. (2d) 503, 505, "appellee's confidence in his judgment does not excuse him for failing to assist the court by filing a brief in the case." We are here presented with the question of what course should be pursued when it is apparent that the appellee does not intend to file a brief. In the absence of a definite rule, we are at liberty to exercise our discretionary power in a manner most consonant with justice and our own convenience. 3 Am. Jur., Appeal and Error, Sec. 781; 4 C. J. S., Appeal and Error, Sec. 1314b. Should the court proceed, as it has often done, to study the record and decide the case, thereby assuming the burden and responsibility of meeting the arguments and contentions advanced by the appellant without the assistance of counsel for the party who was successful in the trial court?

In Preston's Heirs v. Preston, 279 Ky. 401, 130 S. W. (2d) 797, we expressed an inclination to reverse the judgment in all respects because of one of the appellee's failure to file a brief but did not do so because of the weak and insufficient character of the appellant's brief. Other appellate courts have variously disposed of cases according to the particular circumstances where the

successful party in the trial court was so indifferent or derelict as to fail to file a brief in support of his judgment. In a majority of the reported cases the courts deemed the failure to be equivalent to a confession of error as contended for by the appellant and warranted reversing the judgment without considering the merits of the appeal. Some courts have accepted appellant's statements of fact as being correct. Others have stated they will reverse the judgment if the appellant's brief appears reasonably to sustain such action. It has been quite often said the court will not search the record to find a theory upon which to affirm the judgment. The Wisconsin court has imposed a fine of $25 on an appellee for noncompliance with its rule. 3 Am. Jur., Appeal and Error, Sec. 781; 4 C. J. S., Appeal and Error, Sec. 1314b, and notes; Rudd v. Wilson, 32 Okl. 85, 121 P. 252, Ann. Cas. 1914A, 485, and notes. In Patton v. Evans, 92 Utah 524, 69 P. (2d) 969, 112 A. L. R. 589, the court declined to regard appellee's failure to file a brief as a concession of the soundness of appellant's contentions only because of the importance of the questions involved.

We have deemed it sufficient in the present case merely to apply that portion of Rule V, Paragraph 2, reading:

"In the absence of disagreement concerning the facts and pleadings, the court will assume that the appellant's statement thereof is full and correct."

The appellant, M. L. Skaggs, filed this action in ejectment and prayed damages on account of the quarrying of a large and valuable amount of rock asphalt. The plaintiff claimed title and possession by both record and adverse possession. The defendants, C. B. Owen and Stokley Bowling, and the Ohio Valley Rock Asphalt Company as their lessee, also claimed title and possession in the same way and asked that they be adjudged the owners of the land. The plaintiff proved his claim of title back to a deed to a predecessor executed by William Potter, dated January 9, 1895, and that there is no record of any conveyance of this land back of that deed. In the year 1907 he took possession to a marked boundary and exercised dominion over it. In 1916 he moved to Texas and a few years later placed Gillis L. Vincent upon the land under an agreement that he could build a house and live on it until the plaintiff requested him

to move, in consideration of Vincent paying the taxes on the land. In 1932 Vincent obtained a quitclaim deed to the property from Sam L. Vincent, and in 1935 undertook to convey it to Isom Kinser, who, in 1939, undertook to convey it to the defendants, Owen and Bowling, who, that same year, leased the property to the Asphalt Company. Plaintiff's title was never disputed until the quitclaim deed of 1932, and he did not learn that anyone was claiming his land until about two years before he filed this suit. At the conclusion of plaintiff's evidence, the court peremptorily instructed the jury to find for the defendants.

The plaintiff in an action in ejectment may establish his rights by proving a connected record title back to the Commonwealth or to a source common to his own and the defendant's claim, or by proving continuous, adverse possession for 15 years. Engle v. Walters, 282 Ky. 732, 140 S. W. (2d) 402; Williams v. Waddle, 285 Ky. 416, 148 S. W. (2d) 298. The evidence, as above recited, showed that the plaintiff had been in possession of the land under a recorded title since 1895, which had the effect of extending that possession to the outside boundary therein defined. Rader v. Howell, 246 Ky. 261, 54 S. W. (2d) 914. He also established possession to a well marked boundary. "Constructive possession is a legal presumption that follows the title, and that perdures so long as does the title, unless it is overcome in some way." Combs v. Ezell, 232 Ky. 602, 24 S. W. (2d) 301, 304. There was no abandonment of plaintiff's possession under his record title by the placing of a tenant on the property. Combs v. Ezell, supra; Norfolk & W. Railway Company v. McCoy, 250 Ky. 190, 61 S. W. (2d) 1080. We are, therefore, of the opinion that it was error to direct a verdict against the plaintiff.

Judgment reversed.