## Reynolds et al. v. Thomas Forman Co.

May 18, 1943.

D. G. Boleyn and S. H. Rice for appellants.

Beatty & Beatty for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The action was instituted by appellee, Thomas Forman Company, against appellants, Elihu Reynolds and Jack McIntosh, wherein appellee seeks judgment quieting its title to a tract of land in Owsley county containing 418.3 acres, the title to 100 acres of which is claimed by appellant Elihu Reynolds. The answer denied the title and possession of appellee to the 100 acres claimed by Reynolds, asserted ownership and possession of the boundary by way of counterclaim, and prayed that the latter's title to the tract in dispute be quieted. Previous to the order of submission, the defendants moved the court to be permitted to withdraw the counterclaim. The motion was not acted upon by the court and by agreement of the parties, the cause was submitted for trial and judgment resulting in a decree in favor of appellee. McIntosh was made a party defendant because he allegedly was squatting upon the land, claiming such right as a tenant of Reynolds.

Both parties claim through deeds from a common remote grantor, William Bolin, who acquired the property in the year 1870. Bolin conveyed the 100 acre boundary to James B. Bolin, his son, in the year 1873. There is testimony to the effect that he reconveyed the land to his father, but James testified that he did not remember executing such a deed. The evidence of the reconveyance is not sufficiently clear to establish the fact. In the year 1890, William Bolin deeded the 418.3 acre tract to Granville Riley, who in turn conveyed it to John D. White in the year 1892. In the year 1894 certain creditors of White caused the property to be sold under execution, at which sale it was purchased by the Laurel Land Company to whom the sheriff executed and delivered a deed in the year 1895. On April 1, 1914, the Laurel Land Company conveyed the land to the Thomas Forman Company. The latter leased the property to John Mosely continuously from January 1, 1917, to December 31, 1931; to Laura Mosely from January 1, 1932, to December 31, 1932; to Clay Mosely from January 1, 1933, to December 31, 1934; and to Zeke Adams from January 1, 1935, to December 31, 1935. The various tenants continuously cultivated the lands they held under the lease including the part claimed by Reynolds.

On April 19, 1930, James B. Bolin and his wife conveyed the 100 acre boundary to Elihu Reynolds who attempted to enter and gain possession of the tract by

leasing it to Jack McIntosh who entered thereupon in the year 1933. Learning of Reynolds' hostile claim, appellee promptly instituted the action. Trial of the case was delayed for causes not pertinent to the question before us. The chancellor entered judgment for appellee quieting its title to the entire 418 3/10th acres, awarding damages in the sum of $70 for the timber wrongfully converted, and enjoining appellants from further entering upon the land, all of which was prayed in the petition.

It is first complained that the trial court did not pass on the motion to permit defendant to withdraw the counterclaim. Appellants' rights in that respect were waived when they agreed to the submission of the case without insisting upon the motion being passed upon. Perry v. Eagle Coal Company, 170 Ky. 824, 186 S. W. 875. Since appellant Reynolds prayed to have his title quieted in his counterclaim, the court properly proceeded to try the title and render judgment binding on all the parties.

James B. Bolin testified that he had not been on the property after the death of his father in the year 1893 until he sold it to Reynolds in 1930. He said that he had exercised no act of ownership or possession of the property for 25 years before conveying it to Reynolds. By leasing the property to tenants who actually entered thereupon and cultivated and exercised dominion over the lands, appellee came into the possession of the land in dispute on January 1, 1917, and continued in possession thereof until December 13, 1935. South's Administrator v. Marcum, 22 S. W. 844, 15 Ky. Law Rep. 339; Combs v. Ezell, 232 Ky. 602, 24 S. W. (2d) 301. It was, therefore, in adverse possession of the tract at the time Bolin conveyed the 100 acre boundary to Reynolds. This fact was known to both Bolin and Reynolds at the time the former conveyed the property to the latter. It was admitted by Bolin in his testimony and acknowledged by Reynolds in the writing he executed obligating himself to pay for the tract. The instrument reads:

"April 19, 1930.

"One day of this day that Elihu Reynolds his hires or assigns gets legal possessions of a tract of land, situated on Buffalow creek, deed bearing date 4-19-1930.

"I promise to pay James Bolin, on order Three

hundred dollars, ballance payment on tract of land, above mentioned. Said tract of land to stand good for this amount.

"This April —, 1930.

"Elihu Reynolds."

Mr. Bolin testified that the note is not to be paid unless Reynolds wins this suit.

Section 210, Carroll's Kentucky Statutes, 1930 edition, which was in effect at the time of the conveyance from Bolin to Reynolds, and which is now compiled in KRS 372.070, in so far as pertinent recites:

"All sales or conveyances, including those made under execution, of any lands, or the pretended right or title to the same, of which any other person at the time of such sale, contract or conveyance, has adverse possession, shall be null and void. * * *"

Under that section of the statute and the construction placed thereon in innumerable decisions of this court, the conveyance of land which is in adverse possession of another is champertous and void. Wash v. McBrayer, 31 Ky. 565, 1 Dana 565; Rader v. Howell, 246 Ky. 261, 54 S. W. (2d) 914; Jones v. Hargis, 286 Ky. 353, 150 S. W. (2d) 928. It is apparent therefore that the deed from Bolin to Reynolds was champertous and the latter obtained no rights thereunder. It follows that he had no right to possession of the property when he entered thereon in the year 1933, and such entry through his tenant was a trespass. Since appellee had the continuous, open, notorious, and adverse possession of the property for a period in excess of 15 years, commencing January 1, 1917, up to and including the date of the filing of the petition herein, its possession ripened into title which the chancellor correctly quieted. East Jellico Coal Company v. Hays, 133 Ky. 4, 117 S. W. 307, 134 Am. St. Rep. 436. It follows that the court properly awarded damages for the timber cut by Reynolds and his tenant, McIntosh, and correctly enjoined them from again entering upon the property.

The judgment is affirmed.