## Bledsoe v. Leonhart.

October 28, 1947.

Jim Sowards, Judge.

R. H. Riggs for appellant.

C. H. Bruce for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS— Reversing.

This appeal was filed on January 25, 1947, which made it an appearance case for the Spring Term, commencing April 14, 1947. Under our rule 5, subsection 6, appellant's brief was due to be filed 20 days and appellee's brief 10 days prior to April 14th. Appellant's brief was filed on January 25, the day he filed the record, and the case was submitted on April 16th. But appellee's brief has not yet been filed although her attorney was reminded by the clerk that his brief was past due. However, appellee's attorney did on September 5, 1947, write the clerk that appellant's attorney had advised him in conversation that the appeal would be dismissed.

In the situation confronting us we have decided to do as we did in Skaggs v. Ohio Valley Rock Asphalt Co., 292 Ky. 758, 166 S. W. 2d 1005 (where appellee filed no brief), and apply the part of our rule 5, subsection 2, which reads: "In the absence of disagreement concerning the facts and pleadings, the Court will assume that the appellant's statement thereof is full and correct."

The facts stated in appellant's brief are these: A forcible detainer warrant was issued against appellant by appellee and despite the fact that it was never served upon appellant as required by sec. 455 of the Civil Code of Practice, the magistrate who issued the warrant rendered a default judgment against him. Appellant traversed this judgment within the three days as provided in sec. 463 of the Civil Code of Practice. On the first day of the circuit court appellant was present by attorney, but the cause was not set for trial when the common law docket was called. On the third day of the term when the equity docket was called, appellant was again present by counsel, but the case on that day was not set for trial. On the seventh day of the term, counsel for appellant went in the court room to ascertain when the case would be set and discovered the circuit

judge had rendered a default judgment against his client on that very day.

Within the three days required by sec. 342 of the Civil Code of Practice, appellant moved the court to grant him a new trial because default judgment had been taken against him without his being given an opportunity to present his defense. The motion contained the facts set out in the preceding paragraph, yet the court overruled it and this appeal followed.

The court erred in not granting appellant's motion because the rule in this jurisdiction is that when a motion is made to set aside a default judgment at the same term it is rendered, the court is not hampered by rules of procedure regulating the granting of new trials, but has the inherent right to vacate the judgment and should be liberal in so doing in order that the litigant in default may have the opportunity of presenting his side of the controversy and not be deprived of his day in court. This power is not to be exercised capriciously, but as a judicial discretion in serving the ends of justice. Southern Ins. Co. v. Johnson, 140 Ky. 485, 131 S. W. 270; Union Gas & Oil Co. v. Kelly, 194 Ky. 153, 238 S. W. 384; Carr Creek Community Center v. Home Lumber Co. 276 Ky. 840, 125 S. W. 2d 777; Vanover v. Ashley, 298 Ky. 722, 183 S. W. 2d 944.

The letter from appellee's counsel to the clerk of this court referred to at the outset of the opinion, which indicated that a carbon copy thereof was sent to appellant's counsel, states that as appellee now has possession of the premises in dispute, the question presented is moot, and the appeal should be dismissed. We are not in accord with this.

In the first place, the question for decision was whether or not appellant was guilty of forcible detainer *at the time* the warrant was issued, therefore, it could not become moot by the mere fact that the owner of the premises obtained possession thereof after a default judgment had been rendered and traversed. Then too, there is the question of appellant's liability to the traverse bond. Buckner v. Kelly, 158 Ky. 407, 165 S. W. 419. In the second place, this court cannot recognize a procedure whereby the attorney representing the appellee may dismiss the appeal merely by writing a

letter to the clerk saying that he and opposing counsel have settled, or agreed to settle, the controversy.

The proper procedure in such circumstances is for counsel on each side to sign an agreement directing that the appeal be dismissed and mail it to the clerk. It is entirely too informal to thus attempt to dismiss an appeal by appellee's attorney writing the clerk that opposing counsel and he have agreed that it might be dismissed.

The judgment is reversed for proceedings consistent with this opinion.