## Andrews v. Varvel.

February 13, 1951.

A. J. Bratcher, Judge.

Arthur T. Iler and Meredith, Iler & Logan for appellant.

Russell O'Neill for appellee.

VAN SANT, COMMISSIONER—Reversing.

The suit is based on a breach of warranty in respect to the age, breeding, rated speed, and soundness of a pacing race horse purchased by appellant, plaintiff below, from appellee, defendant below.

Appellant's brief, standing alone, shows the evidence supports his contentions, viz., the horse was rep-

·résented to be 7 years of age, a grandson of Dan Patch, had a speed rating of 1 mile in 2:15, and was sound for racing; whereas, he was 10 years of age, not related to Dan Patch, had a rating of 1 mile in 2:30 which rendered him ineligible for racing, and had the appearance, according to experts, of being unsound.

Appellee has not filed a brief in this Court, although appellant's brief was filed December 22, 1949, the appeal was submitted January 2, 1950, and appellee was notified of his delinquency by the Clerk of this Court on February 23, 1950.

Where the questions were of importance to the bar or the public in general or the brief for appellant was weak, we often have studied the record and assumed the responsibility of meeting the contentions of the appellant. We never have assumed this extraordinary burden merely to protect one who has manifested his own indifference to the outcome of the litigation.

The questions involved on this appeal are of no importance to anyone except the parties litigant, the brief for appellant has been prepared with diligence and skill, and we have neither the time nor inclination to dispute the apparent soundness of the argument presented by appellant's attorneys. Wherefore, the judgment is reversed with directions that it be set aside and that another be entered granting the relief prayed in appellant's petition.

Skaggs v. Ohio Valley Rock Asphalt Co., 292 Ky. 758, 166 S. W. 2d 1005, and cases therein cited.

Judgment reversed.