CALVERT FIRE INS. CO.

v.

OSBORNE.

Court of Appeals of Kentucky.

April 30, 1954.

W. A. Johnson, Paintsville, for appellant.

R. B. Harrington, Paintsville, for appellee.

STEWART, Justice.

Plaintiff, Fred Osborne, sought in circuit court to recover from defendant, Calvert Fire Insurance Company, under a policy issued by the latter to him, for damages to a 1941 pickup truck caused by an upset collision. He sued for $300 which he alleged was the damage resulting from the collision and for $750 which he averred was occasioned by the loss of use of the truck for 150 days because of the failure and refusal of the company during that time to repair it. The jury returned a verdict in his favor for $300. Defendant moves for an appeal from the judgment entered thereon, and its single ground for reversal is that the evidence does not support the verdict.

Although he was duly notified three times by the clerk of this court before the submission of this case, appellee has failed to file a brief and his dereliction in this respect requires us to follow one or more of the courses prescribed by RCA 1.260: (1) accept appellant's statement of the facts and issues as correct; or (2) reverse the judgment if appellant's brief appears reasonably to sustain such action; or (3) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case. See also Skaggs v. Ohio Valley Rock Asphalt Co., 292 Ky. 758, 166 S.W.2d 1005. We shall be governed by (1) and (2) in our determination of this appeal.

The pertinent policy provision applicable to the facts reads:

"The limit of the company's liability for loss shall not exceed the actual cash value of the automobile, or if the loss is of a part thereof the actual cash value of such part, at time of loss nor what it would then cost to repair or replace the automobile or such part thereof with other of like kind and quality, with deduction for depreciation, nor the applicable limit of liability stated in the declarations."

The issue raised in appellant's brief is whether appellee's truck, by reason of the damage growing out of the collision, was repairable and, if so, how much it would cost to restore the vehicle to its former condition with material of "like kind and quality." Appellant established in its statement of facts, relying upon the proven estimate of a competent automobile mechanic, that the truck could be repaired and placed back in condition as good as it formerly was for $99.75. The policy, we

should add, provided $50 should be deducted in any event from any damage item. Appellant would therefore be due to pay appellee $49.75 and, in conformity with the first provision of RCA 1.260, we accept this sum as the correct amount appellee is entitled to recover.

■ Furthermore, appellant's brief appears reasonably to sustain the contention that appellee should recover nothing for loss of use of the truck for the 'reason that he continued operating it in the usual manner after the accident. In addition, proof is lacking to show any 'damage on this score.

Wherefore, the motion for an appeal is sustained, the appeal is granted and the judgment is reversed and remanded for further proceedings consistent with this opinion.