**Bowles BELCHER et al., Appellants,**

v.

**Henry Melvin ELKINS et al., Appellees.**

Court of Appeals of Kentucky.

June 9, 1961.

Sanders & Redwine, Fred B. Redwine, Charles E. Lowe, Pikeville, for appellants.

L. Clyde Farley, Thurman L. Hibbitts, Pikeville, for appellees.

STANLEY, Commissioner.

The appellees, Henry Melvin Elkins and Della Belcher Elkins, brought this action against Bowles Belcher and others, asserting ownership by conveyance of a small parcel of land, upon which there are two buildings, situated on Shelby Creek and a public road in Pike County. The plaintiffs charged the defendants with trespass and wrongful possession. After considerable delay, the defendants answered with a general denial. Upon the evidence judgment was rendered for the plaintiffs.

On January 5, 1960, the Clerk of this court notified the attorneys for the appellees that their brief was due to be filed under RCA 1.230 on December 26, 1959, and that the appellee was "directed by the court to respond by motion within ten days explaining the cause of the delay." The attorneys were further notified that if no satisfactory explanation upon which to base a reasonable extension of time was given, the appeal would be submitted pursuant to RCA 1.260. The attorneys ignored the notice, and the case was submitted on January 20, 1960. No brief for the appel-

lees has ever been filed. The failure of appellees to file a brief is the equivalent of a confession of error.

■ Our Rule 1.260, paragraph (c), states the action which this court, in its discretion, may take upon failure of an appellee to file a brief within the time allowed. The rule was established in order to relieve the court of the extraordinary burden of searching the record and controverting the contentions and arguments for a reversal, which is, in short, to represent and practice the case for the appellees. Skaggs v. Ohio Valley Rock Asphalt Co., 292 Ky. 758, 166 S.W.2d 1005; Allen v. Murphy, Ky., 255 S. W.2d 23. We will accept the appellants' uncontradicted statement of the facts without examining the record, which is the least penalty that might be imposed upon the appellees. Calvert Fire Insurance Co. v. Osborne, Ky., 267 S.W.2d 727; Haynes v. Froehlick, Ky., 273 S.W.2d 379; Delong v. Delong, Ky., 335 S.W.2d 895.

■ By a 1913 deed of the Master Commissioner of the Pike Circuit Court to Blucher Kiser, title of James Elkins, father of the appellee, Henry Melvin Elkins, to a large boundary of land was divested. Kiser conveyed part of the land to G. J. (Jack) Elkins in 1918, and he and his successors in title, including the appellants, have been in adverse possession since that time. The appellees contended that the small parcel in controversy was not covered by the Commissioner's deed and that they have a record title to it. But the evidence shows that their deed is void. The controversy, however, seems to stem principally from the fact that the monuments called for in the original conveyances have been destroyed by time and the reconstruction of a county road. Thus, it appears from the appellants' statement that they were entitled to be adjudged title in the parcel of land.

The judgment is reversed with directions to render judgment for the defendants as to the title and for a trial of the question of the claimed damages.

Reversed.